**1322**

William AGOSTI, Plaintiff,

v.

Harry HUGE et al., Defendants.

Civ. A. No. 2042-73.

United States District Court,
District of Columbia.

July 23, 1974.

Robert C. Handwerk, Washington, D. C., for plaintiff.

Fred M. Vinson, Jr., Michael P. Bentzen, Reasoner & Davis, Walter P. O'Connell, Washington, D. C., for defendants.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter came before the court on the motion of plaintiff William Agosti for summary judgment. Plaintiff alleges that the defendants, Trustees of the United Mine Workers of America Welfare and Retirement Fund, have acted arbitrarily and capriciously in denying him a pension to which he is entitled. Plaintiff seeks a declaratory judgment as to his eligibility.

Plaintiff contends in his complaint that when he retired on May 14, 1950, at the age of 44, he qualified for benefits under Trustees' Resolution 10, then in force, in all respects except age. He did not, however, file for benefits until approximately 20 years later, in February, 1970. At that time Trustees' Resolution 63 governed eligibility for pension benefits and required that an applicant have worked 20 out of the 30 years (20/30 requirement) immediately preceding his retirement in the coal industry. This 20/30 requirement had been in effect since 1953, three years after the plaintiff's retirement and plaintiff's pension file indicates that his application was denied in 1970 because he failed to meet it. Plaintiff does not contest defendants' claim that after May, 1960, at which time plaintiff was 54 years old and hence too young to apply for pension benefits, he could not meet the 20 out of 30 requirement without further service in the coal industry. Nor does plaintiff controvert defendants' statement that at no time did plaintiff quali-

fy for a pension under regulations of the Fund then in force.

Thus, plaintiff's sole claim appears to be that the 20/30 requirement in force from 1953 to 1972 was the result of arbitrary and capricious conduct on the part of the Trustees. Plaintiff alleges that this arbitrary and capricious conduct unlawfully deprived him of rights in the pension fund. However, the regulation which the plaintiff attacks has been examined a number of times and its validity sustained. The Court of Appeals for this Circuit has specifically acknowledged the authority of the Trustees to revise pension eligibility requirements and noted that flexibility of this kind seems especially necessary for the operation of the Fund. Gaydosh v. Lewis, 133 U.S.App.D.C. 274, 277, 410 F.2d 262, 265 (1969); Kosty v. Lewis, 115 U.S.App.D.C. 343, 347–48, 319 F.2d 744, 748–49 (1963). Moreover the court in Lavella v. Boyle, 144 U.S.App.D.C. 35, 444 F.2d 910 (1971) examined the 20/30 requirement and specifically stated that while it viewed the application of the rule in that case as unreasonable, it found no fault with the eligibility requirement itself. In that case the plaintiff, Lavella, like Agosti, met all the requirements except age when he retired due to lung disease. Prior to Lavella's attaining age 60 and thus becoming fully entitled to a pension, the 20/30 requirement was instituted by the Trustees. The court in Lavella held that a miner who completed 20 years service prior to the promulgation of the 20/30 requirement, and who retired due to a permanent occupationally-related disability had sufficiently vested rights which could not be cut off by a subsequent change in requirements. Therefore, the Trustees' actions were held arbitrary and capricious only in the specific application of the regulation to Lavella. The plaintiff here, however, does not meet the standard laid down in Lavella since he claims no permanent disability and admits in his reply of May 6, 1974, that the matter of permanent disability is not at issue.

The present case appears instead to be controlled by Assalone v. Carey, 154 U.S.App.D.C. 69, 473 F.2d 199 (1972) and Gaydosh v. Lewis, 133 U.S.App.D.C. 274, 410 F.2d 262 (1969). In both of those cases the miners met all the requirements then in effect except age when they retired from the coal industry. Before either plaintiff attained the requisite age of 60, the eligibility requirements were changed and neither was able to qualify for a pension upon application.[1] The court refused recovery since, unlike the claimant in Kosty v. Lewis, 115 U.S.App.D.C. 343, 319 F.2d 744 (1963), neither met all of the requirements of Resolution 10, including age, at the time the Resolution was changed. See Assalone, supra, 473 F.2d at 204; Gaydosh, supra, 410 F.2d at 266. Moreover, it should be noted that neither suffered from a permanent occupational disability that prevented him from meeting the existing qualifications as was the case in Lavella.

The court in Gaydosh held that since the claimant's rights had not fully matured in all respects prior to the alteration of the eligibility requirements, the conduct of the Trustees in changing the requirements was not arbitrary or capricious as to Gaydosh. The court stated:

"Equity will estop the trustees from procedural gerrymandering in an effort to preclude applicants whose rights have *fully* matured under existing criteria by abruptly switching eligibility signposts without notice. On the other hand, equity will not interfere with reasonable applications of the trustees' discretion under the Trust Indenture. The function of the trustees, on the very face of the indenture, is to preserve the vitality of the fund and to effectively apply its worth to the benefit of as many intended employees as is economically

[1]. Assalone did not meet the 20/30 requirement, and Gaydosh did not meet either the 20/30 requirement or an additional requirement that the claimant have been regularly employed in the coal industry immediately prior to May 29, 1946.

possible. We will not, in the absence of vagarious conduct, disrupt this function, and we can discern no impropriety in that regard with respect to the situation before us." *Gaydosh, supra,* 410 F.2d at 266.

■■■ The soundness of this conclusion is emphasized by the court's examination in *Gaydosh* of the rationale for the age requirement. As the court points out, a minimum age limitation is not a purely arbitrary requirement but is prompted by the debilitating effect of premature retirements on the Fund. As the court stated:

"Economic reality requires a reasonable cut-off date as to age lest the fund be exhausted by comparatively premature retirement. Pragmatically speaking, when a miner retires at the age of fifty-six and seeks to await the tolling of four years before filing for a pension, those years are productively carried by the sweat of the other miners." *Gaydosh, supra,* at 265.

Thus, it is not unreasonable to hold that a miner's rights are not fully matured unless he has met the age requirement and to permit those unmatured rights to be adversely affected by reasonable eligibility changes by the Trustees, unless special equitable considerations are present. Not only may the Trustees make such reasonable changes, if it is necessary to protect the integrity of the Fund, it is their duty to do so. Therefore, this court does not find that the 20/30 requirement is arbitrary *per se*, or that it has been arbitrarily and capriciously applied in the present case.

One further factor enters into this court's decision. In 1972, pursuant to a settlement between parties in Blanken-ship v. Boyle, D.C., 337 F.Supp. 296, the Trustees of the Fund established by Resolution 90 the requirements currently in effect. Agosti, who opted out of the class in order not to be bound by the settlement, does not meet the requirements of Resolution 90.[2] The class in that settlement represented between 9,000 and 20,000 retired miners and widows, and was vigorously prosecuted by the plaintiffs. Notice of the proposed settlement and eligibility requirements was published in over 60 newspapers and the Fund received 60,000 communications with respect thereto. The court in *Blankenship* found the provisions of the settlement were fair and reasonable in light of the equities and the financial position of the Fund and that Resolution 90 was a reasonable exercise of the Trustees' discretion.[3] Therefore, this court is of the opinion not only that the 20/30 requirement is not arbitrary and capricious but also that to hold otherwise might upset the balance struck by the opposing interests in *Blankenship* and could possibly be detrimental to the Fund itself.

Plaintiff, therefore, is not entitled to summary judgment. While defendants have not moved for summary judgment, in the instant case there is no dispute as to any material fact. Had defendants made an appropriate motion they would be entitled to summary judgment. Under the circumstances, such a motion is not necessary. Local 453, International Union of Electrical, Radio & Machine Workers v. Otis Elevator Co., 314 F.2d 25 (2d Cir. 1963). *See* 6 J. Moore, Federal Practice, ¶ 56.12, at 2241–43 (2d ed. 1974) Section 56.12 pp. 2241–43 (2d ed. 1974).

2. Plaintiff, in his pleading of May 6, 1974, in support of his motion, accepts defendants' allegation that plaintiff worked only 4½ years for a signatory coal operator. Thus, plaintiff clearly does not qualify under Resolution 90 which requires 5 years of such service.

3. *See* final judgment and order approving settlement of regulation issues, Blankenship v. Boyle, Consolidated Civil Action Nos. 2186–69 and 2350–69 (D.D.C., Feb. 26, 1973).